IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER EDOMWANDE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-2579-L** |
| | § | |
| **KIMBERLIE OLIVER, BRETT JACKSON, and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,** | § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Notice to Withdraw[] (Doc. 5), filed July 15, 2013, and the Opposed Motion to Deem Plaintiff Christopher Edomwande a Vexatious Litigant, Require Security from Plaintiff, and Dismiss Plaintiff's Claims with Prejudice in Absence of Security (Doc. 4), filed by Defendant American Guarantee and Liability Insurance Company ("AGLIC") on July 8, 2013. Plaintiff indicates in his Notice to Withdraw that he seeks to voluntarily dismiss this action. After considering Plaintiff's Notice to Withdraw and AGLIC's motion to deem Plaintiff as a vexatious litigant, the record, and applicable law, the court sees no reason to delay in ruling on the foregoing motions. For the reasons herein discussed, the court therefore **grants** Plaintiff's Notice to Withdraw (Doc. 5), **dismisses without prejudice** this action, and **denies as moot** the Opposed Motion to Deem Plaintiff Christopher Edomwande a Vexatious Litigant, Require Security from Plaintiff, and Dismiss Plaintiff's Claims with Prejudice in Absence of Security (Doc. 4).

I.      **Voluntary Dismissal Under Rule 41(a)**

Federal Rule of Civil Procedure 41(a) permits a plaintiff to voluntarily dismiss an action without a court order by: "(i) a notice of dismissal before the opposing party serves either an answer or a motion fro summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). "Unless the notice or stipulation states otherwise, dismissal under is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

Upon Plaintiff's request, the court can also dismiss an action by court order on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). Unless otherwise specified, dismissal under this paragraph is without prejudice. *Id.* Ordinarily, a motion for voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citation omitted). Legal prejudice may also exist if the nonmovant could lose a forum non conveniens defense. *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 179 (5th Cir. 1990). Finally, legal prejudice may exist if "a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *Davis v. Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199 (5th Cir. 1991). Whether legal prejudice exists under these circumstances is a determination to be made by the court using its sound discretion. If the court determines that legal prejudice exists, it may "refuse to grant a voluntary dismissal." *Id.* (citations omitted). "[T]he mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice." *United States ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

## II.     Discussion

AGLIC is the only defendant in this action to file an answer. Accordingly, under Rule 41(a)(1)(A), Plaintiff is free to voluntarily dismiss his action against Kimberlie Oliver and Brett Jackson without a court order. The claims against Kimberlie Oliver and Brett Jackson are therefore **dismissed without prejudice**.

Because AGLIC has filed an answer and Plaintiff's Notice to Withdraw is not accompanied by a stipulation of dismissal, the court treats Plaintiff's Notice to Withdraw as to AGLIC as a request for dismissal under Federal Rule of Civil Procedure 41(a)(2). The court concludes that AGLIC will not suffer any legal prejudice if this case is voluntarily dismissed, as it was only recently filed and removed to federal court on July 3, 2013. The court therefore **grants** Plaintiff's Notice to Withdraw (Doc. 5) and **dismisses without prejudice** this action against AGLIC; however, in light of AGLIC's pending motion to dismiss this action with prejudice and its contention that Plaintiff is a vexatious litigant, the court **orders that before any future case can be brought by Plaintiff against AGLIC regarding the matters at issue, Plaintiff must first pay all of AGLIC' reasonable costs of court incurred in this case, which necessarily include all costs incurred at the state court level and in this court.** The court **denies as moot** Opposed Motion to Deem Plaintiff Christopher Edomwande a Vexatious Litigant, Require Security from Plaintiff, and Dismiss Plaintiff's Claims with Prejudice in Absence of Security (Doc. 4).

**It is so ordered** this 16th day of July, 2013.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge